Marcus Moore, as a career offender, faced 188 to 235 months in his sentencing guideline range after having entered a plea to a distribution of heroin count. Before and at the sentencing, he raised an argument in mitigation asking for a sentence below the sentencing guideline range of 188 months. And his argument was based on facts and circumstances that can be characterized as striking, compelling, perhaps even shocking. Namely, that in the first place, when he was about 13 years old, his mother really required him to begin selling drugs to support her own drug habit and to support her family, Mr. Moore's siblings, to pay the rent and buy the food and so on, and support his mother's profound drug addiction. And the second striking factor that underlay his argument was that his mother as well was prostituting herself to obtain drugs. Marcus Moore saw this and as a young teenager decided to continue selling drugs to take his mother off the street. This appeal is brought on the issue of whether the sentencing court gave due consideration to his argument, his non-frivolous argument. There was a kind of corruption at work in Moore's early life. As I mentioned in the brief, if the role of a mother is to nurture the child and educate the child in a positive way, this mother did really hugely opposite and put him on a path that ultimately resulted in this conviction. Moore did not bring the argument as an excuse, but he was asking the court merely to recognize how he got started on the road of crime, starting when he was about 12 or 13. And in fact the judge did that for basically a whole page of the transcript, talked about that argument. So it hasn't been overlooked, it hasn't been given short shrift. She certainly mentions, Your Honor, that Moore had a horrible childhood and no one should grow up the way that he did. Well, she actually talks in some detail about that. She doesn't just gloss over it. There's pretty substantial consideration given to this and she comes back to it later on, talking about organizations in the community that were available to help him and still he committed a lot of crimes. I acknowledge that she does refer to those instances, but the structure of the sentencing is such that ultimately what she does is begin when he's 12 years old and she makes a statement, You joined a gang when you were 12. You dropped out of high school when you were 16. Later she says, You've been selling drugs since you were 16. As if this, I'll call it, striking underlying factor just wasn't there at all. Her sentencing structure became a series of references to his criminal life, starting essentially when he was 12, as if these profound matters just didn't count. Well, but then, just specifically, like Judge Sykes said, the sentencing judge says, You've had many placements on state supervision. In every instance, the supervision was revoked, sometimes on numerous occasions. What that suggests to me is, he was in programs. Programs, hopefully, that tried to help him. Even when he did something wrong, he was put back in the program. That's what that, sometimes on numerous occasions. And then he committed this offense while he was on bail. She sends him at the low end of the guidelines. To me, it's commendable that she went through the detail about his life. It showed that she understood the circumstances under which he grew up. I understand what you're saying, Your Honor. Just one final point. I believe, again, the structure of her sentencing is such that she appears to say that Moore started at age 12 on a life of crime by his own choice. He never changed until this conviction when he was 30. And I would argue that ultimately what she does, as in the Schrader case, ultimately it's a brushing aside of the argument, so that she says at the very end of the sentencing, there are no mitigating circumstances that warrant a variant or departure. So that's the basis of the appeal. Thank you. Good morning, Your Honors. Rita Rumble on behalf of the United States. I think as the court's comments have noticed, the sentencing judge here, the way to look at the argument presented by the defendant, I think, it was an umbrella argument dealing with many bad facts in his childhood that the government didn't overlook that at the sentencing either. But what the sentencing judge then did is she addressed fully and completely the umbrella argument. Yes, you had a bad childhood. She may not have gotten into, okay, prostitution, every specific fact under that umbrella, but she acknowledged it. She did not gloss over it. She wasn't silent about it. She addressed it head on, in detail. But what the sentencing judge found, and it's clear by the transcript, is yes, the defendant's bad childhood explained how and why he began selling drugs over half his lifetime ago. But it wasn't an explanation, a current explanation, as to why he hadn't changed his behavior by the age of 30. Because despite numerous convictions, despite numerous state court interventions or attempts to intervene with periods of probation and services provided, the sentencing judge noted it was the defendant himself who chose not to take advantage of those services. He was the one who chose not to change by age 30. And at this point, the sentencing judge correctly determined that what happened to you all that long time ago, as sad as it was, you now have to take responsibility, and only you can change your life. And he hadn't, by continuing to commit crimes while on state supervision and while selling heroin again while under bail. And the sentencing judge, what was really compelling, I think in the record, as she noted, she said to the defendant, look, you of all people should understand how destructive heroin is to a community, how destructive it is on families, and yet despite having a family of your own, you're continuing down this path. And so, as the defendant acknowledges in his initial brief, the district court did not pass over his principal argument in mitigation, not at all. Did she not address every little specific factual point under the umbrella? Maybe not. Prostitution is an example. But she definitely addressed his mother's drug addiction, the fact that food was scarce, that that's why he started selling drugs that very long time ago. But the district court ultimately just decided that at age 30, it just wasn't mitigating. He had five qualifying convictions for career offender status, excuse me. And as Judge Williams noted, he did receive a sentence at the low end of the guideline range. So the government would ask that the court affirm the judgment conviction of the district court. Thank you. Anything else, Counsel? Very briefly, Your Honor. Counsel is correct. One of the things the judge did not mention, so in effect, she passed over in silence. What I would call the striking fact of the prostitution of the mother and the teenage boy deciding, I'm going to sell drugs to take my mother off the street. And the other thing that happens is that the judge does not give any particular weight or let the defendant know what weight she gave his argument. Again, as in the Schrader case. And I think he deserves to know what weight does she give his argument based on shocking factors. Thank you. How would she need to have expressed that? Well, I'm going to discount what happened in your youth when you were 12. I'm not going to consider that in terms of the final sentencing, because I think what you've done, starting with age 17 and up, weighs more heavily in my formulation of a sentence. As opposed to saying nothing about the kind of weight that she would give that. One other thing I mentioned in the brief, I think these factors are such that they could appear in a Dostoevsky novel or a Faulkner novel. They're just simply shocking, I would assert, on behalf of Mr. Moore. And yet the judge doesn't let us know what weight she gives those factors. Thank you. All right, and you were appointed, were you not? I'm sorry? You were appointed to represent him? Yes, Your Honor. And we thank you very much for your service and your vigorous representation of your client. Thank you. Of Mr. Moore. And of course, we thank the government for all its efforts as well. Thank you. Thank you. The court is now standing in recess. All those in favor, say aye.      Aye. Aye. Aye. Aye. Aye. Aye.